submitted by Krueger on that issue was an expert disclosure statement pursuant to CPLR 3101 (d). That unsworn statement by counsel may not be considered on a summary judgment motion (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). Because Krueger failed to meet its burden, we do not consider the adequacy of plaintiff's submissions in opposition to the motion (*see, Roska v Town of Cheektowaga* [appeal No. 2], 251 AD2d 984).

The court also erred in granting that part of the motion of BHSC for summary judgment dismissing the third-party complaint insofar as it stated causes of action in strict liability and breach of implied warranty. BHSC also failed to meet its burden of establishing that the chair was not defective. Contrary to the contention of BHSC, the third-party complaint, as amplified by OTB's response to BHSC's demand for a bill of particulars, states such causes of action (*see, Cole v O'Tooles of Utica*, 222 AD2d 88, 90).

The court, however, properly granted that part of the motion of BHSC for summary judgment insofar as it sought dismissal of OTB's negligence cause of action. BHSC established that the chair in question was ordered by BHSC from a reputable manufacturer to be shipped directly to the purchaser in a sealed carton and that no other basis exists for a finding of negligence (*see, Pimm v Graybar Elec. Co.*, 27 AD2d 309, 311).

We therefore modify the order by denying the motion of Krueger for summary judgment and reinstating the amended complaint, third-party complaint and cross claims against it and by denying in part the motion of BHSC for summary judgment and reinstating the third-party complaint insofar as it states causes of action in strict liability and breach of implied warranty. (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.

■ RALPH CASEY, as Executor of PATRICIA CASEY, Deceased, Respondent, v CONCHITA TAN, Appellant. (Appeal No. 1.) [680 NYS2d 884] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Erie County, O'Donnell, J.—Negligence.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.

■ RALPH CASEY, as Executor of PATRICIA CASEY, Deceased, Respondent, v CONCHITA TAN, Appellant. (Appeal No. 2.) [680 NYS2d 391] —Amended judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Defen-